**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL LARENZO DOUGLAS,                                                              PLAINTIFF
ADC #82929

V.                                           5:14CV00436-DPM-JTK

SHELLY MARONEY, et al.,                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Douglas, a state inmate confined at the Ouachita River Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, seeking injunctive relief against Defendants based on their refusal to remove sexual offender registration requirements from his file, and his name from registration databases (Doc. No. 2).

## I.     Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under

§ 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim. See <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in <u>Ashcroft v. Iqbal</u>, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), <u>citing</u> <u>Twombly</u>, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." <u>Id</u>. at 556-7.

## II.    Facts and Analysis

According to his Complaint, when Plaintiff was convicted of rape on July 27, 1984, no laws required sex offender registration. (Doc. No. 2, p. 5) The first registration law enacted in August, 1987, applied only to persons convicted after that date and for a second or subsequent time. (<u>Id</u>.) In 1996, Plaintiff was told he did not fit the criteria for RSVP classes and would not have to register as a sex offender. (<u>Id</u>.) He later "flattened" his rape conviction while on parole in Washington in 2004, but transferred back to Arkansas in December, 2004, to serve a sentence for escape, theft of

property and kidnaping. (Id.)

Plaintiff then registered as a sex offender in June, 2005, pursuant to instructions from Defendant Flynn and his parole officer. (Id.) While on vacation in Las Vegas in September, 2006, he was charged with failure to register, pursuant to ARK. CODE ANN. § 12-12-904, and received a thirty-year sentence. (Id., p. 6.) Plaintiff claims he should not be required to register, because the first registration law was ex post facto to his charge. (Id.) He also claims he sent grievances to Defendants complaining about the registration requirement placed in his institutional jacket. (Id.) He claims he will be eligible for parole in 2017, and asks the Court to order Defendants to remove the registration requirement from his jacket and to remove his name from all lists requiring registration. (Id., pp. 7-8)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). However, Plaintiff's allegations do not state an actionable constitutional claim. The Ex Post Facto Clause "prohibits the states from passing any law that 'changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" Munger v. Erickson, 979 F.2d 1323, 1325 (8th Cir. 1992) (quoting Calder v. Bull, 3 U.S. (3Dall.) 386, 390, 1L.Ed. 648 (1798)). This prohibition "was designed 'to secure substantial personal rights against arbitrary and oppressive legislative action, and not to obstruct mere alteration in conditions deemed necessary for the orderly infliction of humane punishment.'" Glynn v. Auger, 678 F2d 760, 761 (8th Cir. 1982) (quoting Malloy v. South Carolina, 237 U.S. 180, 183 (1915)).

In this case, Plaintiff appears to claim that the application of the sex offender registration

requirements to him are unconstitutional, because they were enacted after he was convicted of rape in 1984. However, sex offender registration statutes do not violate the Ex Post Facto Clause if their aims are not punitive. See Smith v. Doe, 538 U.S. 84, 97 (2003). In Arkansas, the courts have determined that the registration and notification statute is non-punitive and not violative of the Ex Post Facto Clause. Kellar v. Fayetteville Police Department, 339 Ark. 274, 287, 5 S.W.3d 402, 410 (1999). In addition, the United States Court of Appeals for the Eighth Circuit held that the residency restriction of the Arkansas Registration Act was not ex post facto as applied to offenders who were convicted prior to the enactment of the statute. Weems v. Little Rock Police Department, 453 F.3d 1010, 1017 (8th Cir. 2006). See also Setzke v. Norris, Civil No. 07-5186, 2009 WL 723244 *18 (W.D.Ark. 2009).

In this particular case, Plaintiff challenges the registration requirement but does not identify any specific change in his conditions of confinement or otherwise allege how the statute requires him to endure a greater punishment. Therefore, the Court finds that his allegations fail to state a claim upon which relief may be granted.

**III.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint against Defendants be DISMISSED with prejudice for failure to state a claim.

2.     Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

   3. The Court certify that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

 IT IS SO RECOMMENDED this 8th day of January, 2015.

                  _____
                   JEROME T. KEARNEY
                   UNITED STATES MAGISTRATE JUDGE